UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MCASF LOCAL 725 SERVICE CORPORATION,
for and on behalf of THE ACRA-LOCAL 725
PENSION TRUST FUND, THE ACRA-LOCAL 725
HEALTH AND WELFARE TRUST FUND,
THE ACRA-LOCAL 725 DEFINED
CONTRIBUTION RETIREMENT TRUST FUND,
THE ACRA-LOCAL 725 JOINT APPRENTICESHIP
AND TRAINING COMMITTEE TRUST,
THE AIR CONDITIONING, REFRIGERATION,
HEATING AND PIPING ASSOCIATION, INC., and
THE UNITED ASSOCIATION LOCAL UNION NO. 725
OF MIAMI, FLORIDA, A.F.L.-C.I.O.,

CASE NO.

Plaintiff,

v.

KEY BISCAYNE MECHANICAL, INC., a Florida corporation,

Defendant.

_______________________________________/

**COMPLAINT**

COME NOW, the Plaintiff, and file this its Complaint against, and allege as follows:

1. This Court has jurisdiction pursuant to Sections 502 and 515 of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§1132 and 1145, hereinafter referred to as "ERISA", and pursuant to Section 301 of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. §185, hereinafter referred to as the "Act".

2. Plaintiff, MCASF LOCAL 725 SERVICE CORPORATION ("Plaintiff") is a Florida corporation, which has contracted with the Boards of Trustees of the ACRA-LOCAL 725 PENSION TRUST FUND (the "Pension Trust"), the ACRA-LOCAL 725 HEALTH AND WELFARE TRUST FUND (the "Welfare Trust"), and the ACRA-

LOCAL 725 DEFINED CONTRIBUTION RETIREMENT TRUST (the "DC Trust"), the ACRA-LOCAL 725 JOINT APPRENTICESHIP TRAINING COMMITTEE TRUST (the "JATC Trust"), the AIR CONDITIONING, REFRIGERATION, HEATING AND PIPING ASSOCIATION, INC. (the "Association"), and the UNITED ASSOCIATION LOCAL UNION NO. 725 OF MIAMI, FLORIDA, A.F.L.-C.I.O. ("UA Local 725"), for the monitoring of contributing employers' timely remittance of required fringe benefit contribution reporting forms and payments, and the collection of delinquent contributions, late payment service fees and other financial obligations owing from any such delinquent employers to the Pension Trust, the Welfare Trust, the DC Trust, the JATC Trust, the Association, UA Local 725, or to any combination of such entities.

2. The Pension Trust, the Welfare Trust, the DC Trust and the JATC Trust (collectively, hereinafter referred to as the "Trusts"), are each employee benefit plans and multi-employer employee benefit plans within the meaning of Section 3(3) of ERISA, 29 U.S.C. §1003(3).

3. The Trusts are administered by Boards of Trustees appointed by the Association and UA Local 725, and said Boards are the administrators for said multi-employer, employee benefit plans within the meaning of Section 3(16) of ERISA, 29 U.S.C. §1003(16), and serve as the named fiduciaries and/or fiduciaries for said multi-employer, employee benefit plans within the meaning of Section 2(a)(2) of ERISA, 29 U.S.C. §1002(a)(2).

4. The Association, is an employer within the meaning of Section 2(2) of the Act, 29 U.S.C. §152(2), as an agent of all, or nearly all of the employers, including the Defendant herein, each of such employers having reporting and contribution obligations owing to

the Trust Funds.

5. UA Local 725, is a labor organization within the meaning of Section 2(5) of the Act, 29 U.S.C. §152(5).

6. The Defendant, KEY BISCAYNE MECHANICAL, INC., hereinafter referred to as “Key Biscayne”, is a Florida corporation engaged in commerce within the meaning of the Act, incorporated as of May 28, 1996, and whose current principal address is located at 10465 S.W. 184 Terrace, Miami, FL 33157, which is situated within this judicial district.

7. At all times material hereto, Key Biscayne has been an employer within the meaning of 29 U.S.C. §152(2) and Section 2(5) of ERISA, 29 U.S.C. §1002(5).

8. On or about December 15, 2014, Key Biscayne became bound to the terms of a PROJECT LABOR AGREEMENT, (the “PLA”), by its execution thereof, thereby evidencing Key Biscayne’s ongoing obligation to report and remit fringe benefit contributions and other required for all periods thereafter. A true copy of the PLA is attached hereto and incorporated herein as Exhibit “A”.

9. By execution of the PLA, Key Biscayne had assigned its collective bargaining rights to a contractors association, being the Association herein.

10. Pursuant to the terms of the PLA, Key Biscayne became bound to the terms and conditions of a collective bargaining agreement then in effect between the Association and UA Local 725, that became effective as of July 16, 2014 and continuing through and until July 15, 2016 (the “2014 CBA”), and to any and all successor collective bargaining agreements entered into by and between the Association and UA Local 725. A true copy of the 2014 CBA is attached hereto and incorporated herein as “Exhibit B”.

11. Subsequent to its execution of the PLA, Key Biscayne has continued to employ persons within the trade and territorial jurisdiction of said agreement, and continued to be obligated to make timely payment of the fringe benefit contributions and other payments prescribed by said agreement(s) to the Trusts, the Association and UA Local 725.

12. UA Local 725 and the Association negotiated and entered into a successor agreement effective as July 16, 2016 continuing through and until July 15, 2018 (the "2016 CBA). A true and correct copy of the 2016 CBA is attached hereto and incorporated herein as Exhibit "C".

13. All of the contributions and other payments at issue in this action are due for hours of covered work performed by individuals employed by Key Biscayne for work performed subject to the terms of Exhibit A through C, all within this judicial district.

14. Upon a review of Key Biscayne's reporting history, the Trust Funds' third administrative manager, NATIONAL EMPLOYEE BENEFITS ADMINISTRATORS, INC., a Florida corporation ("NEBA") identified several weekly reporting periods for which Key Biscayne failed to timely remit its required fringe benefit contribution reporting forms and payments for fringe benefit contributions and other required payments, specifically being the weekly reporting periods July 12, 2016 continuing through the present date, in a sum not presently known with specificity since the records upon which such reporting and payment obligations are based are in the sole custody of Key Biscayne.

15. In accord with the above-referenced collective bargaining agreements, the Trusts are entitled to have a certified public accountant inspect Key Biscayne's payroll books and records in order to determine the appropriate amount of hours worked by Key

Biscayne's employees, and the corresponding amount of contributions that should have been reported, remitted and paid to the Trusts, the Association and UA Local 725, so as to ensure in fairness to said entities and Key Biscayne, that the appropriate amount of contributions were correctly reported and paid, and that any deficiencies are properly calculated.

16. Key Biscayne is in sole possession of the dates, time periods, services rendered and job sites where services were rendered by its employees, for which contributions and other required payments were and/or became due to the Trusts, the Association and UA Local 725.

17. Plaintiff, for and on behalf of the Trust Funds, the Association and UA Local 725, is entitled to a reasonable attorney's fee for the maintenance of this action and the costs of bringing this action. See, Section 502 and 515 of ERISA, 29 U.S.C. §§1132 and 1145, which provide:

> 29 U.S.C. Section 1145 states:
>
> Every employer who is obligated to make contributions to a multi-employer plan under the terms of the plan or under the terms of a collective bargaining agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement.
>
> See, Exhibits A through D.
>
> 29 U.S.C. Section 1132(g)(2) states:
>
> In any action under this title by a fiduciary for and on behalf of a plan to enforce Section 1145 of this title in which a judgment in favor of the plan is awarded, the court shall award the plan -
>
> (A) the unpaid contributions,
>
> (B) interest on the unpaid contributions,
>
> (C ) an amount equal to the greater of –

(i) interest on the unpaid contributions, or

(ii) liquidated damages provided for under the plan in an amount not in excess of 20% (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),

(D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and

(E) such other legal or equitable relief as the court deems appropriate.

18. Plaintiff has complied with all conditions precedent in bringing this suit, or same have occurred, been performed or waived.

19. Plaintiff has been required to employ the undersigned attorney to collect the monies that may be found to be due and owing from Key Biscayne and is obligated to pay its attorneys a reasonable attorney's fee.

**WHEREFORE**, Plaintiff, MCASF LOCAL 725 SERVICE CORPORATION, for and on behalf of THE ACRA-LOCAL 725 PENSION TRUST FUND, THE ACRA-LOCAL 725 HEALTH AND WELFARE TRUST FUND, THE ACRA-LOCAL 725 DEFINED CONTRIBUTION TRUST FUND, THE ACRA-LOCAL 725 EDUCATIONAL TRUST FUND, THE AIR CONDITIONING, REFRIGERATION, HEATING AND PIPING ASSOCIATION, INC., and THE UNITED ASSOCIATION LOCAL UNION NO. 725 OF MIAMI, FLORIDA, A.F.L.-C.I.O., pray that this Court grant the following relief:

1. Order Defendant, KEY BISCAYNE MECHANICAL, INC., allow an audit of its payroll books and records by a certified public accountant appointed by Plaintiffs, and that Defendant be ordered to pay for the costs of said audit;

2. Enter a Final Judgment for damages in favor of Plaintiff and against the Defendant, KEY BISCAYNE MECHANICAL, INC., by reason of the above and after determination of the amount due as a result of the audit;

3. Order the Defendant, KEY BISCAYNE MECHANICAL, INC., pay a reasonable attorney's fee for the prosecution and maintenance of this action, costs for bringing this action, interest and liquidated damages; and

4. Grant such other relief as this Court deems just and proper.

Respectfully submitted,

RICHARD M. WEINER, P.A.

By: */s/ Richard M. Weiner*

Richard M. Weiner, Esq.
Counsel for Plaintiff
E-mail: rmwlaw@comcast.net

RICHARD M. WEINER, P.A.
7479 N.W. 4th Street
Plantation, Florida 33317 - 2227
Tel. (954) 321 – 1815
Fax (888) 832 - 6320

Dated: December 9, 2016.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 9th day of December 2016, that I have electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that a true and correct copy of the foregoing Complaint has been furnished to the Secretary of the Treasury and the Secretary of Labor in accordance with the requirements of the Employee Retirement Income Security Act of 1974, by U.S. Mail, Certified Mail, Return Receipt Requested.

Respectfully submitted,

*/s/ Richard M. Weiner*

Richard M. Weiner, Esq.
Florida Bar No. 0776602

RICHARD M. WEINER, P.A.
7479 N.W. 4th Street
Plantation, Florida 33317 - 2227
Tel. (954) 321 – 1815
Fax (888) 832 – 6320
E-mail: rmwlaw@comcast.net

Counsel for Plaintiff:

MCASF LOCAL 725 SERVICE CORPORATION, for and on behalf of THE ACRA-LOCAL 725 PENSION TRUST FUND, THE ACRA-LOCAL 725 HEALTH AND WELFARE TRUST FUND, THE ACRA-LOCAL 725 DEFINED CONTRIBUTION RETIREMENT TRUST, THE ACRA-LOCAL 725 EDUCATION TRUST FUND, THE AIR CONDITIONING, REFRIGERATION, HEATING AND PIPING ASSOCIATION, INC., AND UNITED ASSOCIATION LOCAL UNION NO. 725, MIAMI, FLORIDA, A.F.L.-C.I.O.